## SWEET v. BILLINGS *et al.*

1. TAX SALE TO MUNICIPAL CORPORATION. Chapter 105 of the Laws of 1857 confers upon corporations the power to sell property for corporation taxes in the same method that it may be sold for the payment of other taxes; and confers upon the purchaser all the rights and remedies secured to purchasers under other tax sales. This act is now in force.

? SAME: The lien of a municipal corporation on property purchased by it at sales for corporation taxes, is so controlled by the corporate ordinances, that the Supreme Court will not determine the character of such lien when the ordinances touching the subject are not before it.

*Appeal from Lee District Court.*

MONDAY, DECEMBER 24.

THE facts are sufficiently stated in the opinion of the court.

*H. Scott Howell* for the appellant.

*Noble & Strong* for the appellee.

BALDWIN, C. J.—The complainant, by his bill, seeks to foreclose a tax deed, made by the city of Keokuk to him in February, 1860, for lot three (3) in block thirteen (13) in said city. The lot was sold to pay the taxes assessed by said city for the year 1859. The bill represents the defendant Billings as claiming to be the owner in fee of said lot, and that the said city claiming a title thereto, or a lien thereon, by virtue of two prior tax sales made to said city, one in 1858 for delinquent railroad tax for the year 1858, and the other in January, 1859, for delinquent city tax for the year 1858.

The complainant represents that since he bought said lot he has paid the State and county delinquent taxes for the years 1857, 1858, 1859, and the State, county and city taxes for the year 1860; that in pursuance of such sale and the deed made to him, and the payment of said taxes, his lien upon said lot and his title are paramount to that of either of said defendants.

The complainant prays that the said defendants be decreed to pay to him the said sums advanced in the payment of said taxes, with interest and costs.; or that in case of a failure so to do, that the equity of redemption, and all .

the right, title, interest and lien of said defendants, or eit.. of them, be forever extinguished.

A demurrer to this bill, alleging that there is no law authorizing the foreclosure of a tax title bought in for delinquent city taxes for the year 1859, in a manner as claimed by plaintiff in his petition, being sustained, complainant appeals and assigns the rulings on this demurrer as error.

The act of the Legislature, approved March 22d, 1858 (see Session Laws 1858, page 207; Revision of 1860, page 194), fully meets the objection raised by the demurrer. The remedy in the Code of 1851, for the foreclosure of tax deeds, made under a sale by the county treasurer, is given to all incorporated cities. There is no subsequent legislation that repeals this act. It is true that the act of 1858 repealed the provision of the Code so far as it related to the foreclosure of tax deeds, but such repeal did not repeal the act above referred to.

It is claimed by counsel of appellee that the city of Keokuk could not be divested of its lien for the unpaid taxes for which she became the purchaser at the tax sales made prior in time to that of complainant.

The character of the lien the city acquired by the purchase at such sale, and the rights which accrued thereby must be controlled by the city ordinances, as the statute seems to be silent in reference thereto. And while we incline to sustain the position of appellee in this respect, yet as the city ordinances are not attached, nor in any manner brought before us, we cannot, in their absence, undertake more definitely to dispose of this question.

Reversed.